UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

ERNESTO and DIANA MIRANDA,

                              Plaintiffs,

-against-

ABEX CORPORATION, et al.

                              Defendants.
-----------------------------------------------------------------x

**Index No.:**
**08-104346**

**ACKNOWLEDGEMENT OF RECEIPT and ANSWER to PLAINTIFFS' COMPLAINT**

      Defendant GE AVIATION SYSTEMS LLC ("GE Aviation") by its attorneys, Sedgwick, Detert, Moran & Arnold LLP, hereby acknowledges receipt of a copy of a Summons and of plaintiffs' Complaint in this action and for its Answer to Plaintiff(s) Complaint, and New York Asbestos Litigation Standard Complaint No. 1 (the "Standard Complaint"), as fully incorporated by plaintiff's Complaint, states as follows:

      FIRST:     GE AVIATION repeats and reiterates each and every answer found below to each and every allegation contained in the Standard Complaint with the same force and effect as if fully set forth at length herein in answer to paragraph 1 of the Complaint.

      SECOND:     GE AVIATION is without knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraphs 2 and 3 of the Complaint and therefore denies them.

      THIRD:     GE AVIATION denies each and every allegation contained in paragraph 1 of the Standard Complaint to the extent that such allegations are directed toward GE AVIATION. GE AVIATION is without knowledge or information sufficient to form a belief as to truth of the

allegations contained in paragraph 1 of the Standard Complaint as they relate to any other defendant and therefore denies them.

FOURTH: GE AVIATION is without knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraph 2 of the Standard Complaint and therefore denies them.

FIFTH: GE AVIATION denies each and every allegation contained in paragraph 3 of the Standard Complaint to the extent that such allegations are directed toward GE AVIATION. GE AVIATION is without knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraph 3 of the Standard Complaint as they relate to any other defendant and therefore denies them.

SIXTH: GE AVIATION is without knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraph 4 of the Standard Complaint and therefore denies them.

SEVENTH: GE AVIATION admits only that it is a Delaware corporation and is registered with the Secretary of State to conduct business in the State of New York. GE AVIATION denies the remaining allegations of paragraph 5 of the Standard Complaint as such allegations pertain to GE AVIATION. GE AVIATION is without knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraph 5 of the Standard Complaint as they relate to any other defendant.

EIGHTH: GE AVIATION denies each and every allegation contained in paragraph 6 of the Standard Complaint to the extent that such allegations are directed toward GE AVIATION. GE AVIATION is without knowledge or information sufficient to form a belief as to truth of the

allegations contained in paragraph 6 of the Standard Complaint as they relate to any other defendant and therefore denies them.

NINTH:   GE AVIATION denies each and every allegation contained in paragraphs 7 through 22 of the Standard Complaint to the extent that such allegations are directed toward GE AVIATION. GE AVIATION is without knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraphs 7 through 22 of the Standard Complaint as they relate to any other defendant and therefore denies them.

### ANSWERING THE FIRST CAUSE OF ACTION

TENTH:   GE AVIATION repeats and reiterates each and every answer to each and every allegation contained in paragraphs 1 through 22 of the Standard Complaint with the same force and effect as if fully set forth at length herein in answer to paragraph 23 of the Standard Complaint.

ELEVENTH:  GE AVIATION denies each and every allegation contained in paragraphs 24 through 32 of the Standard Complaint to the extent that such allegations are directed toward GE AVIATION. GE AVIATION is without knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraphs 24 through 32 of the Standard Complaint as they relate to any other defendant and therefore denies them.

### ANSWERING THE SECOND CAUSE OF ACTION

TWELFTH:  GE AVIATION repeats and reiterates each and every answer to each and every allegation contained in paragraphs 1 through 32 of the Standard Complaint with the same force and effect as if fully set forth at length herein in answer to paragraph 33 of the Standard Complaint.

THIRTEENTH:   GE AVIATION denies each and every allegation contained in paragraphs 34 through 36 of the Standard Complaint to the extent that such allegations are directed

toward GE AVIATION. GE AVIATION is without knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraphs 34 through 36 of the Standard Complaint as they relate to any other defendant and therefore denies them.

### ANSWERING THE THIRD CAUSE OF ACTION

FOURTEENTH:     GE AVIATION repeats and reiterates each and every answer to each and every allegation contained in paragraphs 1 through 36 of the Standard Complaint with the same force and effect as if fully set forth at length herein in answer to paragraph 37 of the Standard Complaint.

FIFTEENTH: GE AVIATION denies each and every allegation contained in paragraphs 38 and 39 of the Standard Complaint to the extent such allegations are directed toward GE AVIATION. GE AVIATION is without knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraphs 38 and 39 of the Standard Complaint as they relate to any other defendant and therefore denies them.

### ANSWERING THE FOURTH CAUSE OF ACTION

SIXTEENTH:     GE AVIATION repeats and reiterates each and every answer to each and every allegation contained in paragraphs 1 through 39 of the Standard Complaint with the same force and effect as if fully set forth at length herein in answer to paragraph 40 of the Standard Complaint.

SEVENTEENTH:     GE AVIATION denies each and every allegation contained in paragraphs 41 and 42 of the Standard Complaint to the extent such allegations are directed toward GE AVIATION. GE AVIATION is without knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraphs 41 and 42 of the Standard Complaint as they relate to any other defendant and therefore denies them.

NJ/212187v1

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE, DEFENDANT GE AVIATION STATES:

EIGHTEENTH: That the complaint fails to state a cause of action against the answering defendant upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE, DEFENDANT GE AVIATION STATES:

NINETEENTH: That the answering defendant acted reasonably and with due care toward plaintiff(s).

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE, DEFENDANT GE AVIATION STATES:

TWENTIETH: That the answering defendant owed no duty to plaintiff(s).

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, DEFENDANT GE AVIATION STATES:

TWENTY-FIRST: That the answering defendant violated no duty owed to plaintiff(s).

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, DEFENDANT GE AVIATION STATES:

TWENTY-SECOND: That at all times relevant hereto, the answering defendant complied with all applicable laws, regulations and standards.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, DEFENDANT GE AVIATION STATES:

TWENTY-THIRD: That the answering defendant was not served in accordance with the provisions of the New York Civil Practice Law and Rules and therefore the Court lacks jurisdiction over the person (entity) of the answering defendant.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, DEFENDANT GE AVIATION STATES:

TWENTY-FOURTH: That one or more of the causes of action are time barred pursuant to the applicable Statute of Limitations.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, DEFENDANT GE AVIATION STATES:

TWENTY-FIFTH: That one or more of the causes of action have not been maintained in a timely fashion and plaintiff(s) have neglected the same and should be barred by the doctrine of laches.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE, DEFENDANT GE AVIATION STATES:

TWENTY-SIXTH: That any injuries and/or damages sustained by the plaintiff(s) as alleged in the complaint herein, were caused in whole or in part by the contributory negligence and/or culpable conduct of said plaintiff(s) and not as a result of any contributory negligence and/or culpable conduct on the part of the answering defendant.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE, DEFENDANT GE AVIATION STATES:

TWENTY-SEVENTH: That the Court lacks jurisdiction over the subject matter of this action.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE, DEFENDANT GE AVIATION STATES:

TWENTY-EIGHTH: Insofar as the complaint and each cause of action considered separately allege a cause of action accruing before September 1, 1975, each such cause of action is barred by reason of the culpable conduct attributable to plaintiff(s), including contributory negligence and assumption of the risk.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE,

**DEFENDANT GE AVIATION STATES:**

TWENTY-NINTH:    In the event that plaintiff was employed by the answering defendant, plaintiff(s)' sole and exclusive remedy is under the Workers' Compensation Law of the State of New York.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE,
DEFENDANT GE AVIATION STATES:**

THIRTIETH:  That the accident and injuries complained of in the plaintiff(s)' complaint were caused or brought about by the negligence of a third person or persons over whom the answering defendant had no control and for whose acts the answering defendant was in no way responsible.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE,
DEFENDANT GE AVIATION STATES:**

THIRTY-FIRST:    That by entering into the activity in which the plaintiff was engaged at the time of the occurrence set forth in the complaint, said plaintiff knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the plaintiff herein as alleged in the complaint arose from and were caused by the reason of such risks voluntarily undertaken by the plaintiff in his activities and such risks were assumed and accepted by him in performing and engaging in said activities.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE,
DEFENDANT GE AVIATION STATES:**

THIRTY-SECOND:  That after the product(s) left the control of the answering defendant, they were subject to abuse, alteration, change, improper installation or operation by persons not in the employ or control of the answering defendant; which alteration, change, abuse, improper installation or operation proximately caused the injuries complained of by plaintiff(s) in the complaint.  Such change in condition bars the action as against the answering defendant.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE,
DEFENDANT GE AVIATION STATES:**

THIRTY-THIRD:   That any oral warranties upon which plaintiff(s) allegedly relied are inadmissible and unavailable because of the provisions of the applicable Statute of Frauds.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE,
DEFENDANT GE AVIATION STATES:**

THIRTY-FOURTH: That plaintiff, his coworkers and employers misused, abused, mistreated and misapplied the product(s) designated as asbestos material as alleged in the complaint herein.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE,
DEFENDANT GE AVIATION STATES:**

THIRTY-FIFTH:   While the answering defendant denies the allegations of plaintiff(s) with respect to negligence, statutory liability, strict liability, injury and damages, to the extent that plaintiff(s) may be able to prove the same, they were the result of intervening and/or interceding acts of superseding negligence on the part of third-parties over which the answering defendant had neither control nor right of control.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE,
DEFENDANT GE AVIATION STATES:**

THIRTY-SIXTH:   In accordance with CPLR 1601 *et seq.,* the liability of the answering defendant, if any, to the plaintiff(s) for non-economic loss is limited to the answering defendant's equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiff(s) could have obtained personal jurisdiction with due diligence.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE,
DEFENDANT GE AVIATION STATES:**

NJ/212187v1

THIRTY-SEVENTH: In the event plaintiff(s) recover a verdict or judgment against the defendant, then said verdict or judgment must be reduced pursuant to CPLR 4545 (c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff(s), in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers compensation or employee benefit programs.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE, DEFENDANT GE AVIATION STATES:

THIRTY-EIGHTH:    Plaintiff contributed to his illness and/or injuries, in whole or in part, by the use of other substances, product, drugs or medications.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE, DEFENDANT GE AVIATION STATES:

THIRTY-NINTH:    The place of trial of this action is stated for an improper venue.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE, DEFENDANT GE AVIATION STATES:

FORTIETH:  In the event it should be proven at the time of trial that the answering defendant is subject to market share liability, then the answering defendant's respective share of such liability would be of such a *de minimus* amount as to make its contribution for damages negligible, and the answering defendant would be entitled to contribution, either in whole or in part, from the co-defendants not represented by this answer.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE, DEFENDANT GE AVIATION STATES:

FORTY-FIRST:    The answering defendant had no knowledge, either actual or constructive, and by the application of reasonable developed human skill and foresight had no reason to know the propensities, if any, of "asbestos," "asbestos dust," "asbestos fibers" and/or "asbestos products" to cause or contribute to the creation of medical conditions or circumstances involving

NJ/212187v1

alleged injuries to the lungs, respiratory system, larynx, stomach or other bodily organs, bone and tissue, and also including asbestosis, respiratory disorders, risk of mesothelioma or any other illness of any type whatsoever at the times relevant to plaintiff(s)' claims.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE, DEFENDANT GE AVIATION STATES:

FORTY-SECOND:   The answering defendant did not give, make or otherwise extend warranties, whether express or implied, upon which plaintiff(s) could rely.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE, DEFENDANT GE AVIATION STATES:

FORTY-THIRD:   The answering defendant breached no warranties, whether express or implied.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE, DEFENDANT GE AVIATION STATES:

FORTY-FOURTH:   The doctrine of strict liability in tort is inapplicable to this litigation.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE, DEFENDANT GE AVIATION STATES:

FORTY-FIFTH:   To the extent plaintiff(s) are unable to identify the manufacturers of the substance, product or equipment that allegedly caused injury, plaintiff(s) have failed to state a cause of action upon which relief may be granted.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE, DEFENDANT GE AVIATION STATES:

FORTY-SIXTH:   Plaintiff(s)' claims are barred as a result of unconstitutionality of the applicable revival statute.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE, DEFENDANT GE AVIATION STATES:

FORTY-SEVENTH: Plaintiff(s)' claims are barred because of plaintiff(s)' failure to join

NJ/212187v1

necessary and indispensable parties.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE, DEFENDANT GE AVIATION STATES:

FORTY-EIGHTH:   Insofar as plaintiff(s)' complaint is premised upon any claims accruing on or after September 1, 1975, to recover damages for personal injuries, the amount of damages recoverable thereon must be diminished by reason of the culpable conduct attributable to the plaintiff(s) and defendants other than the answering defendant, including contributory negligence and assumption of the risk, in the proportion to which the culpable conduct attributable to plaintiff(s) and/or others bears to the culpable conduct which caused the damages.

### AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE, DEFENDANT GE AVIATION STATES:

FORTY-NINTH:   The damages allegedly sustained by the plaintiff(s) were caused, in whole or in part, through the operation of nature.

### AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE, DEFENDANT GE AVIATION STATES:

FIFTIETH:   At all times relevant to this litigation, the agents, servants and/or employees of the answering defendant utilized proper methods in the conduct of its operations, in conformity with the available knowledge and research of the scientific and industrial communities.

### AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE, DEFENDANT GE AVIATION STATES:

FIFTY-FIRST:   Plaintiff(s) failed to mitigate or otherwise act to lessen or reduce the injuries alleged in the complaint.

### AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE, DEFENDANT GE AVIATION STATES:

NJ/212187v1

FIFTY-SECOND: While denying the allegations of plaintiff(s)' complaint with respect to liability, to the extent that they may be able to prove negligence or improper conduct, the acts of the answering defendant were not a proximate cause of any injuries to plaintiff(s).

### AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE, DEFENDANT GE AVIATION STATES:

FIFTY-THIRD: To the extent that plaintiff(s)' claims have been revived by amendments to New York's Civil Practice Law and Rules said claims can be no greater than what they were at the time when they originally accrued. Therefore, plaintiff(s) cannot rely on the doctrine of strict liability in tort, and plaintiff(s)' warranty claims are barred for lack of privity.

### AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE, DEFENDANT GE AVIATION STATES:

FIFTY-FOURTH: Plaintiff(s)' complaint fails to allege any allegations about, concerning or directed at the answering defendant and therefore fails to state a claim against the answering defendant.

### AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE, DEFENDANT GE AVIATION STATES:

FIFTY-FIFTH: The claims asserted herein are barred by the doctrines of Estoppel and Waiver.

### AS AND FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE, DEFENDANT GE AVIATION STATES:

FIFTY-SIXTH: All defenses which have been or will be asserted by other defendants and/or third-party defendants in this action are adopted and incorporated by reference as if fully set forth at length herein as defenses to plaintiff(s)' complaint. In addition, the answering defendant will rely upon any and all other further defenses which become available or appear during discovery

NJ/212187v1

proceedings in this action and hereby specifically reserves the right to amend its answer for the purposes of asserting any such additional affirmative defenses.

### AS AND FOR A FORTIETH AFFIRMATIVE DEFENSE, DEFENDANT GE AVIATION STATES:

FIFTY-SEVENTH:   If it is determined that the plaintiff(s) were exposed to any GE Aviation product, which product or components of those products were acquired from or sold by or used on behalf of the United States of America or any State or agency thereof, then GE Aviation is entitled to any sovereign or government immunity or defense available to the United States and/or relevant State and/or relevant agency thereof including, but not limited to, the federal government contractor defense

### AS AND FOR A CROSS-CLAIM AGAINST OTHER DEFENDANTS NAMED IN THIS CASE, DEFENDANT GE AVIATION STATES:

FIFTY-EIGHTH:   If plaintiff(s) sustained damages in the manner alleged in the complaint, all of which is denied by the answering defendant, such damages were caused by reason of negligence, breach of contract obligation or warranty, nuisance or trespass or are otherwise the proper responsibility of other defendants named in this case.

By reason of the foregoing, the answering defendant is entitled to indemnification or contribution from, and to have judgment over against, its co-defendants, or some of them, for all or part of any verdict or judgment that plaintiff(s) may recover against the answering defendant.

**WHEREFORE,** defendant, **GE AVIATION SYSTEMS LLC** , demands judgment dismissing the complaint of the plaintiff(s) in its entirety together with the costs and disbursements of this action, or, in the event that a judgment is rendered against it, that it has judgment on cross-claims over and against the other defendants in the amount of any recovery had against them and that

NJ/212187v1

the relative responsibilities be apportioned among all parties, including defendants and third-party defendants, together with the costs and disbursements of this action.

## DEMAND FOR JURY

**GE AVIATION SYSTEMS LLC** hereby demands a trial by jury in this action.

Dated:    Newark, New Jersey
            July 3, 2008

Yours, etc.
SEDGWICK, DETERT, MORAN & ARNOLD LLP

_____
Michael A. Tanenbaum
Attorneys for Defendant,
GE AVIATION SYSTEMS LLC
Three Gateway Center - 12th Floor
Newark, New Jersey 07102
(973) 242-0002

TO:    LEVY PHILLIPS & KONIGSBERG, LLP
        Patrick J. Timmins, Esq.
        Attorneys for Plaintiffs
            Ernesto and Diana Miranda
        800 Third Avenue
        New York, New York 10022
        (212) 605-6200

NJ/212187v1

## ATTORNEY'S VERIFICATION

The undersigned affirms the following statement to be true under penalties of perjury pursuant to Rule 2106 of the Civil Practice Law and Rules.

That he is an attorney at law and a member of the firm of SEDGWICK, DETERT, MORAN & ARNOLD LLP, attorneys for the defendant, GE AVIATION SYSTEMS LLC.

That he has read the foregoing document and knows the contents thereof, and that the same is true to the knowledge of affirmant except as to the matters therein alleged upon information and belief and that as to those matters he believes them to be true.

That the reason why this affirmation is being made by affirmant and not the defendant is that the defendant does not maintain an office in the county where affirmant maintains his offices.

That the source of affirmant's information and the grounds of his belief as to all the matters therein alleged upon information and belief are reports from and communication had with said corporation.

Dated:      Newark, New Jersey
            July 3, 2008

_____
MICHAEL A. TANENBAUM

NJ/212187v1