UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

ERNESTO and DIANA MIRANDA,                    Civil Action No.: 08-104346

                                    Plaintiffs,

                                              **ACKNOWLEDGEMENT OF**
              -against-                       **RECEIPT and ANSWER to**
                                              **PLAINTIFFS' THIRD**
ABEX CORPORATION, et al.                      **AMENDED COMPLAINT**

                                    Defendants.
-------------------------------------------------------------------x

Defendant TEXAS INSTRUMENTS INCORPORATED ("TEXAS INSTRUMENTS")

by its attorneys, Sedgwick, Detert, Moran & Arnold LLP, hereby acknowledges receipt of a

copy of a Summons and of plaintiffs' Third Amended Complaint in this action and for its

Answer to Plaintiff(s) Third Amended Complaint, and New York Asbestos Litigation Standard

Complaint No. 1 (the "Standard Complaint"), as fully incorporated by plaintiff's Third

Amended Complaint, states as follows:

   FIRST:        TEXAS INSTRUMENTS repeats and reiterates each and every answer found

below to each and every allegation contained in the Standard Complaint with the same force and

effect as if fully set forth at length herein in answer to paragraph 1 of the Complaint.

   SECOND:       TEXAS INSTRUMENTS is without knowledge or information sufficient to

form a belief as to truth of the allegations contained in paragraphs 2 and 3 of the Complaint and

therefore denies them.

   THIRD:        TEXAS INSTRUMENTS denies each and every allegation contained in

paragraph 1 of the Standard Complaint to the extent that such allegations are directed toward

TEXAS INSTRUMENTS.   TEXAS INSTRUMENTS is without knowledge or information

sufficient to form a belief as to truth of the allegations contained in paragraph 1 of the Standard Complaint as they relate to any other defendant and therefore denies them.

FOURTH:    TEXAS INSTRUMENTS is without knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraph 2 of the Standard Complaint and therefore denies them.

FIFTH:    TEXAS INSTRUMENTS denies each and every allegation contained in paragraph 3 of the Standard Complaint to the extent that such allegations are directed toward TEXAS INSTRUMENTS.   TEXAS INSTRUMENTS is without knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraph 3 of the Standard Complaint as they relate to any other defendant and therefore denies them.

SIXTH:    TEXAS INSTRUMENTS is without knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraph 4 of the Standard Complaint and therefore denies them.

SEVENTH:    TEXAS INSTRUMENTS admits only that it is a Delaware corporation and is registered with the Secretary of State to conduct business in the State of New York.   TEXAS INSTRUMENTS denies the remaining allegations of paragraph 5 of the Standard Complaint as such allegations pertain to TEXAS INSTRUMENTS. TEXAS INSTRUMENTS is without knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraph 5 of the Standard Complaint as they relate to any other defendant.

EIGHTH:    TEXAS INSTRUMENTS denies each and every allegation contained in paragraph 6 of the Standard Complaint to the extent that such allegations are directed toward TEXAS INSTRUMENTS.   TEXAS INSTRUMENTS is without knowledge or information

sufficient to form a belief as to truth of the allegations contained in paragraph 6 of the Standard Complaint as they relate to any other defendant and therefore denies them.

NINTH:    TEXAS INSTRUMENTS denies each and every allegation contained in paragraphs 7 through 22 of the Standard Complaint to the extent that such allegations are directed toward TEXAS INSTRUMENTS. TEXAS INSTRUMENTS is without knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraphs 7 through 22 of the Standard Complaint as they relate to any other defendant and therefore denies them.

## ANSWERING THE FIRST CAUSE OF ACTION

TENTH:    TEXAS INSTRUMENTS repeats and reiterates each and every answer to each and every allegation contained in paragraphs 1 through 22 of the Standard Complaint with the same force and effect as if fully set forth at length herein in answer to paragraph 23 of the Standard Complaint.

ELEVENTH: TEXAS INSTRUMENTS denies each and every allegation contained in paragraphs 24 through 32 of the Standard Complaint to the extent that such allegations are directed toward TEXAS INSTRUMENTS. TEXAS INSTRUMENTS is without knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraphs 24 through 32 of the Standard Complaint as they relate to any other defendant and therefore denies them.

## ANSWERING THE SECOND CAUSE OF ACTION

TWELFTH:    TEXAS INSTRUMENTS repeats and reiterates each and every answer to each and every allegation contained in paragraphs 1 through 32 of the Standard Complaint with the same force and effect as if fully set forth at length herein in answer to paragraph 33 of the Standard Complaint.

THIRTEENTH:        TEXAS INSTRUMENTS denies each and every allegation contained in paragraphs 34 through 36 of the Standard Complaint to the extent that such allegations are directed toward TEXAS INSTRUMENTS.  TEXAS INSTRUMENTS is without knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraphs 34 through 36 of the Standard Complaint as they relate to any other defendant and therefore denies them.

## ANSWERING THE THIRD CAUSE OF ACTION

FOURTEENTH:        TEXAS INSTRUMENTS repeats and reiterates each and every answer to each and every allegation contained in paragraphs 1 through 36 of the Standard Complaint with the same force and effect as if fully set forth at length herein in answer to paragraph 37 of the Standard Complaint.

FIFTEENTH: TEXAS INSTRUMENTS denies each and every allegation contained in paragraphs 38 and 39 of the Standard Complaint to the extent such allegations are directed toward TEXAS INSTRUMENTS.  TEXAS INSTRUMENTS is without knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraphs 38 and 39 of the Standard Complaint as they relate to any other defendant and therefore denies them.

## ANSWERING THE FOURTH CAUSE OF ACTION

SIXTEENTH:        TEXAS INSTRUMENTS repeats and reiterates each and every answer to each and every allegation contained in paragraphs 1 through 39 of the Standard Complaint with the same force and effect as if fully set forth at length herein in answer to paragraph 40 of the Standard Complaint.

SEVENTEENTH:        TEXAS INSTRUMENTS denies each and every allegation contained in paragraphs 41 and 42 of the Standard Complaint to the extent such allegations are directed toward

TEXAS INSTRUMENTS. TEXAS INSTRUMENTS is without knowledge or information sufficient to form a belief as to truth of the allegations contained in paragraphs 41 and 42 of the Standard Complaint as they relate to any other defendant and therefore denies them.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE, DEFENDANT TEXAS INSTRUMENTS STATES:

EIGHTEENTH:    That the complaint fails to state a cause of action against the answering defendant upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE, DEFENDANT TEXAS INSTRUMENTS STATES:

NINETEENTH:    That the answering defendant acted reasonably and with due care toward plaintiff(s).

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE, DEFENDANT TEXAS INSTRUMENTS STATES:

TWENTIETH:    That the answering defendant owed no duty to plaintiff(s).

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, DEFENDANT TEXAS INSTRUMENTS STATES:

TWENTY-FIRST:    That the answering defendant violated no duty owed to plaintiff(s).

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, DEFENDANT TEXAS INSTRUMENTS STATES:

TWENTY-SECOND: That at all times relevant hereto, the answering defendant complied with all applicable laws, regulations and standards.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, DEFENDANT TEXAS INSTRUMENTS STATES:

TWENTY-THIRD:    That the answering defendant was not served in accordance with the provisions of the New York Civil Practice Law and Rules and therefore the Court lacks jurisdiction over the person (entity) of the answering defendant.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE,
## DEFENDANT TEXAS INSTRUMENTS STATES:

TWENTY-FOURTH: That one or more of the causes of action are time barred pursuant to

the applicable Statute of Limitations.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE,
## DEFENDANT TEXAS INSTRUMENTS STATES:

TWENTY-FIFTH:    That one or more of the causes of action have not been maintained in

a timely fashion and plaintiff(s) have neglected the same and should be barred by the doctrine of

laches.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE,
## DEFENDANT TEXAS INSTRUMENTS STATES:

TWENTY-SIXTH:    That any injuries and/or damages sustained by the plaintiff(s) as

alleged in the complaint herein, were caused in whole or in part by the contributory negligence

and/or culpable conduct of said plaintiff(s) and not as a result of any contributory negligence and/or

culpable conduct on the part of the answering defendant.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE,
## DEFENDANT TEXAS INSTRUMENTS STATES:

TWENTY-SEVENTH:        That the Court lacks jurisdiction over the subject matter of this

action.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE,
## DEFENDANT TEXAS INSTRUMENTS STATES:

TWENTY-EIGHTH: Insofar as the complaint and each cause of action considered

separately allege a cause of action accruing before September 1, 1975, each such cause of action is

barred by reason of the culpable conduct attributable to plaintiff(s), including contributory

negligence and assumption of the risk.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE,

**DEFENDANT TEXAS INSTRUMENTS STATES:**

TWENTY-NINTH:    In the event that plaintiff was employed by the answering defendant, plaintiff(s)' sole and exclusive remedy is under the Workers' Compensation Law of the State of New York.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE,**
**DEFENDANT TEXAS INSTRUMENTS STATES:**

THIRTIETH: That the accident and injuries complained of in the plaintiff(s)' complaint were caused or brought about by the negligence of a third person or persons over whom the answering defendant had no control and for whose acts the answering defendant was in no way responsible.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE,**
**DEFENDANT TEXAS INSTRUMENTS STATES:**

THIRTY-FIRST:    That by entering into the activity in which the plaintiff was engaged at the time of the occurrence set forth in the complaint, said plaintiff knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the plaintiff herein as alleged in the complaint arose from and were caused by the reason of such risks voluntarily undertaken by the plaintiff in his activities and such risks were assumed and accepted by him in performing and engaging in said activities.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE,**
**DEFENDANT TEXAS INSTRUMENTS STATES:**

THIRTY-SECOND:    That after the product(s) left the control of the answering defendant, they were subject to abuse, alteration, change, improper installation or operation by persons not in the employ or control of the answering defendant; which alteration, change, abuse, improper installation or operation proximately caused the injuries complained of by plaintiff(s) in the complaint. Such change in condition bars the action as against the answering defendant.

NJ/212626v1

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE, DEFENDANT TEXAS INSTRUMENTS STATES:

THIRTY-THIRD:    That any oral warranties upon which plaintiff(s) allegedly relied are inadmissible and unavailable because of the provisions of the applicable Statute of Frauds.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE, DEFENDANT TEXAS INSTRUMENTS STATES:

THIRTY-FOURTH: That plaintiff, his coworkers and employers misused, abused, mistreated and misapplied the product(s) designated as asbestos material as alleged in the complaint herein.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE, DEFENDANT TEXAS INSTRUMENTS STATES:

THIRTY-FIFTH:    While the answering defendant denies the allegations of plaintiff(s) with respect to negligence, statutory liability, strict liability, injury and damages, to the extent that plaintiff(s) may be able to prove the same, they were the result of intervening and/or interceding acts of superseding negligence on the part of third-parties over which the answering defendant had neither control nor right of control.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE, DEFENDANT TEXAS INSTRUMENTS STATES:

THIRTY-SIXTH:    In accordance with CPLR 1601 *et seq.,* the liability of the answering defendant, if any, to the plaintiff(s) for non-economic loss is limited to the answering defendant's equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiff(s) could have obtained personal jurisdiction with due diligence.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE, DEFENDANT TEXAS INSTRUMENTS STATES:

THIRTY-SEVENTH: In the event plaintiff(s) recover a verdict or judgment against the defendant, then said verdict or judgment must be reduced pursuant to CPLR 4545 (c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff(s), in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers compensation or employee benefit programs.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE, DEFENDANT TEXAS INSTRUMENTS STATES:

THIRTY-EIGHTH:    Plaintiff contributed to his illness and/or injuries, in whole or in part, by the use of other substances, product, drugs or medications.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE, DEFENDANT TEXAS INSTRUMENTS STATES:

THIRTY-NINTH:    The place of trial of this action is stated for an improper venue.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE, DEFENDANT TEXAS INSTRUMENTS STATES:

FORTIETH:   In the event it should be proven at the time of trial that the answering defendant is subject to market share liability, then the answering defendant's respective share of such liability would be of such a *de minimus* amount as to make its contribution for damages negligible, and the answering defendant would be entitled to contribution, either in whole or in part, from the co-defendants not represented by this answer.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE, DEFENDANT TEXAS INSTRUMENTS STATES:

FORTY-FIRST:    The answering defendant had no knowledge, either actual or constructive, and by the application of reasonable developed human skill and foresight had no reason to know the propensities, if any, of "asbestos," "asbestos dust," "asbestos fibers" and/or "asbestos products" to cause or contribute to the creation of medical conditions or circumstances involving

alleged injuries to the lungs, respiratory system, larynx, stomach or other bodily organs, bone and

tissue, and also including asbestosis, respiratory disorders, risk of mesothelioma or any other illness

of any type whatsoever at the times relevant to plaintiff(s)' claims.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE, DEFENDANT TEXAS INSTRUMENTS STATES:

FORTY-SECOND:    The answering defendant did not give, make or otherwise extend

warranties, whether express or implied, upon which plaintiff(s) could rely.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE, DEFENDANT TEXAS INSTRUMENTS STATES:

FORTY-THIRD:        The answering defendant breached no warranties, whether express or

implied.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE, DEFENDANT TEXAS INSTRUMENTS STATES:

FORTY-FOURTH:    The doctrine of strict liability in tort is inapplicable to this litigation.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE, DEFENDANT TEXAS INSTRUMENTS STATES:

FORTY-FIFTH:        To the extent plaintiff(s) are unable to identify the manufacturers of

the substance, product or equipment that allegedly caused injury, plaintiff(s) have failed to state a

cause of action upon which relief may be granted.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE, DEFENDANT TEXAS INSTRUMENTS STATES:

FORTY-SIXTH:        Plaintiff(s)' claims are barred as a result of unconstitutionality of the

applicable revival statute.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE, DEFENDANT TEXAS INSTRUMENTS STATES:

FORTY-SEVENTH:  Plaintiff(s)' claims are barred because of plaintiff(s)' failure to join

necessary and indispensable parties.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE, DEFENDANT TEXAS INSTRUMENTS STATES:

FORTY-EIGHTH:    Insofar as plaintiff(s)' complaint is premised upon any claims accruing on or after September 1, 1975, to recover damages for personal injuries, the amount of damages recoverable thereon must be diminished by reason of the culpable conduct attributable to the plaintiff(s) and defendants other than the answering defendant, including contributory negligence and assumption of the risk, in the proportion to which the culpable conduct attributable to plaintiff(s) and/or others bears to the culpable conduct which caused the damages.

### AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE, DEFENDANT TEXAS INSTRUMENTS STATES:

FORTY-NINTH:    The damages allegedly sustained by the plaintiff(s) were caused, in whole or in part, through the operation of nature.

### AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE, DEFENDANT TEXAS INSTRUMENTS STATES:

FIFTIETH:    At all times relevant to this litigation, the agents, servants and/or employees of the answering defendant utilized proper methods in the conduct of its operations, in conformity with the available knowledge and research of the scientific and industrial communities.

### AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE, DEFENDANT TEXAS INSTRUMENTS STATES:

FIFTY-FIRST:    Plaintiff(s) failed to mitigate or otherwise act to lessen or reduce the injuries alleged in the complaint.

### AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE, DEFENDANT TEXAS INSTRUMENTS STATES:

FIFTY-SECOND:     While denying the allegations of plaintiff(s)' complaint with respect to liability, to the extent that they may be able to prove negligence or improper conduct, the acts of the answering defendant were not a proximate cause of any injuries to plaintiff(s).

### AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE, DEFENDANT TEXAS INSTRUMENTS STATES:

FIFTY-THIRD:     To the extent that plaintiff(s)' claims have been revived by amendments to New York's Civil Practice Law and Rules said claims can be no greater than what they were at the time when they originally accrued. Therefore, plaintiff(s) cannot rely on the doctrine of strict liability in tort, and plaintiff(s)' warranty claims are barred for lack of privity.

### AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE, DEFENDANT TEXAS INSTRUMENTS STATES:

FIFTY-FOURTH:     Plaintiff(s)' complaint fails to allege any allegations about, concerning or directed at the answering defendant and therefore fails to state a claim against the answering defendant.

### AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE, DEFENDANT TEXAS INSTRUMENTS STATES:

FIFTY-FIFTH:     The claims asserted herein are barred by the doctrines of Estoppel and Waiver.

### AS AND FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE, DEFENDANT TEXAS INSTRUMENTS STATES:

FIFTY-SIXTH:     All defenses which have been or will be asserted by other defendants and/or third-party defendants in this action are adopted and incorporated by reference as if fully set forth at length herein as defenses to plaintiff(s)' complaint. In addition, the answering defendant will rely upon any and all other further defenses which become available or appear during discovery

proceedings in this action and hereby specifically reserves the right to amend its answer for the purposes of asserting any such additional affirmative defenses.

## AS AND FOR A FORTIETH AFFIRMATIVE DEFENSE, DEFENDANT TEXAS INSTRUMENTS STATES:

FIFTY-SEVENTH:    If it is determined that the plaintiff(s) were exposed to any Texas Instruments product, which product or components of those products were acquired from or sold by or used on behalf of the United States of America or any State or agency  thereof, then Texas Instruments is entitled to any sovereign or government immunity or defense available to the United States and/or relevant State and/or relevant agency thereof including, but not limited to, the federal government contractor defense

## AS AND FOR A FORTY-FIRST AFFIRMATIVE DEFENSE, DEFENDANT TEXAS INSTRUMENTS STATES:

FIFTY-EIGHTH:        With respect to Plaintiff's claim for punitive damages, any award of punitive damages against Defendant, which may be based upon any conduct or products not specifically alleged as the basis for Plaintiff's claim in this action, would violate its due process rights as guaranteed by the Fourteenth Amendment to the United States Constitution, the New York Constitution, as well as by the public policy and common law of this State.

## AS AND FOR A FORTY-SECOND AFFIRMATIVE DEFENSE, DEFENDANT TEXAS INSTRUMENTS STATES:

FIFTY-NINTH:        Defendant further states that the exposures to which Plaintiff allegedly was subjected, if any, from a Texas Instruments product were below the Threshold Limit Value recommended by the American Conference of Government Industrial Hygienists for dust that contained asbestos particles. The state of knowledge of the medical and scientific communities prior to recent years regarding asbestos-containing products allegedly released by Defendant's product was such that the medical and scientific communities believed that exposures below the Threshold

Limit Value recommended by the American Conference of Government Industrial Hygienists were thought to be reasonably safe. Therefore, Defendant should be charged with no greater knowledge than that of the medical and scientific communities, and as such there was no reason to foresee or warn of the potential threat of injury that might result from the excessive exposure to asbestos fibers.

### AS AND FOR A CROSS-CLAIM AGAINST OTHER DEFENDANTS NAMED IN THIS CASE, DEFENDANT TEXAS INSTRUMENTS STATES:

SIXTIETH:    If plaintiff(s) sustained damages in the manner alleged in the complaint, all of which is denied by the answering defendant, such damages were caused by reason of negligence, breach of contract obligation or warranty, nuisance or trespass or are otherwise the proper responsibility of other defendants named in this case.

By reason of the foregoing, the answering defendant is entitled to indemnification or contribution from, and to have judgment over against, its co-defendants, or some of them, for all or part of any verdict or judgment that plaintiff(s) may recover against the answering defendant.

**WHEREFORE,** defendant, **TEXAS INSTRUMENTS INCORPORATED ,** demands judgment dismissing the complaint of the plaintiff(s) in its entirety together with the costs and disbursements of this action, or, in the event that a judgment is rendered against it, that it has judgment on cross-claims over and against the other defendants in the amount of any recovery had against them and that the relative responsibilities be apportioned among all parties, including defendants and third-party defendants, together with the costs and disbursements of this action.

### DEMAND FOR JURY

**TEXAS INSTRUMENTS INCORPORATED** hereby demands a trial by jury in this action.

Dated:    Newark, New Jersey
          July 8, 2008
                              Yours, etc.

SEDGWICK, DETERT, MORAN & ARNOLD LLP

Michael A. Tanenbaum
Attorneys for Defendant,
TEXAS INSTRUMENTS INCORPORATED
Three Gateway Center - 12th Floor
Newark, New Jersey 07102
(973) 242-0002

TO:     LEVY PHILLIPS & KONIGSBERG, LLP
        Patrick J. Timmins, Esq.
        Attorneys for Plaintiffs
                Ernesto and Diana Miranda
        800 Third Avenue
        New York, New York 10022
        (212) 605-6200

NJ/212626v1

## ATTORNEY'S VERIFICATION

The undersigned affirms the following statement to be true under penalties of perjury pursuant to Rule 2106 of the Civil Practice Law and Rules.

That he is an attorney at law and a member of the firm of SEDGWICK, DETERT, MORAN & ARNOLD LLP, attorneys for the defendant, TEXAS INSTRUMENTS INCORPORATED .

That he has read the foregoing document and knows the contents thereof, and that the same is true to the knowledge of affirmant except as to the matters therein alleged upon information and belief and that as to those matters he believes them to be true.

That the reason why this affirmation is being made by affirmant and not the defendant is that the defendant does not maintain an office in the county where affirmant maintains his offices.

That the source of affirmant's information and the grounds of his belief as to all the matters therein alleged upon information and belief are reports from and communication had with said corporation.

Dated:     Newark, New Jersey
           July 8, 2008

                                      MICHAEL A. TANENBAUM

NJ/212626v1

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ERNESTO and DIANA MIRANDA, | § § § | |
| Plaintiffs, | § | **Case No.: 08 cv 5509** |
| v. | § § | |
| | § | |
| ABEX CORPORATION, et al. | § § | **CERTIFICATION OF SERVICE** |
| Defendants. | § § | |
| | § § | |

I, Michael A. Tanenbaum, hereby certify that on July 10, 2008, true and correct copies of Defendants Texas Instruments Incorporated's Answer to Plaintiffs' Third Amended Complaint and Disclosure of Interested Parties Pursuant to Rule 1.9 have been filed with the Clerk of the United States District Court for the Southern District of New York via electronically. I further certify that true and correct copies thereof were forwarded on this same date to all known parties via electronically.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____
Michael A. Tanenbaum
Three Gateway Center, 12th Floor
Newark, New Jersey 07102
(973) 242-0002
Attorneys for Defendants,
Texas Instruments Incorporated

DATED: July 10, 2008

NJ/212872v1