UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ERNESTO AND DIANA MIRANDA,

                              Plaintiffs,

       -against-

Civil Action No. 08 CV 5509 (SAS)

ABEX CORPORATION f/k/a AMERICAN
BRAKES SHOW COMPANY;
ALCOA, INC. individually and as successor in
interest to FAIRCHILD FASTENERS;
AMERICAN REFRACTORIES, INC.;
AMERICAN REFRACTORIES, CO.;
ANCHOR PACKING COMPANY;
ATLAS TURNER, INC.;
AVOCET ENTERPRISES, INC.;
A.W. CHESTERTON CO., INC.;
BONDEX INCORPORATED;
BOEING INTEGRATED DEFENSE SYSTEMS;
BORG WARNER CORPORATION;
CANADIAN COMMERCIAL CORPORATION;
CARRIER CORPORATION;
CFM INTERNATIONAL, INC.;
COURTER & COMPANY;
CRANE AEROSPACE & ELECTRONICS;
CRANE CO.;
CRANE PUMPS & SYSTEMS, INC.;
CRANE RESISTOFLEX AEROSPACE;
CUTLER HAMMER N/K/A
EATON ELECTRICAL, INC.;
DANA CORPORATION;
DURABLA MANUFACTURING COMPANY;
DURAMETTALIC CORPORATION;
EASTERN REFRACTORIES CORPORATION;
EATON CORPORATION;
EATON HYDRAULICS, INC.;
ENPRO INDUSTRIES, INC. individually and as
successor in interest to MENASCO INC.;
FAY, SPOFFARD & THORNDIKE OF
NEW YORK INC. f/k/a WOLF & MUNIER, INC.;
FOSTER WHEELER ENERGY CORP.;
GARLOCK SEALING TECHNOLOGIES, LLC;
GE AVIATION SYSTEMS LLC;
GENERALLY DYNAMICS;
GENERAL ELECTRIC CORPORATION;

GENERAL MOTORS CORPORATION;
GENERAL REFRACTORIES, CO.;
GEORGIA PACIFIC CORPORATION individually
and as successor in interest to CONSOLIDATED
VAULTEE AIRCRAFT CORP.;
GOODRICH CORPORATION f/k/a
B.F. GOODRICH COMPANY;
GOODYEAR TIRE & RUBBER;
GOULD PUMPS, INC.;
GRAYBAR ELECTRIC COMPANY, INC.;
GRIMES AEROSPACE COMPANY individually
and as successor in interest to
MIDLAND-ROSS CORPORATION;
HENKEL CORPORATION;
HERCULES CHEMICAL COMPANY, INC.;
HEWLETTE PACKARD COMPANY;
HITCO CARBON & COMPOSITES individually
and as successor in interest to HITCO;
HONEYWELL INTERNATIONAL, INC.
f/k/a ALLIED SIGNAL, INC. successor in interest
to THE BENDIX CORPORATION;
INGERSOLL-RAND COMPANY;
J.H. FRANCE REFRACTORIES, CO.;
JOHN CRANE, INC.;
KENTILE FLOORS, INC.;
LEAR SEIGLER SERVICES, INC. individually and
as successor in interest to LEAR SEIGLER, INC.;
LESLIE CONTROLS, INC. f/k/a LESLIE CORP.;
LOCKHEED MARTIN CORPORATION;
METROPOLITAN TRANSPORTATION AUTHORITY;
MUNACO PACKING & RUBBER CO.;
NASCO AIR BRAKES, INC.;
NORTHRUP GRUMAN CORPORATION;
OLD ORCHARD INDUSTRIAL CORPORATION
individually and as successor to VAPOR CORPORATION;
PARKER AEROSPACE;
PARKER HANNIFIN CORPORATION;
PNEUMO ABEX CORPORATION individually and
as successor in interest to ABEX CORPORATION
f/k/a AMERICAN BRAKE SHOE;
PRATT & WHITNEY;
RAILROAD FRICTION PRODUCTS CORP.;
RHEACO, INC.;
ROBERT A. KEASBEY CO.;
ROLLS ROYCE CORPORATION individually

and as successor in interest to
ALLISON ENGINE COMPANY, INC.;
SEQUOIA VENTURES, INC. f/k/a
BECHTEL CORPORATION;
THE BOEING COMPANY individually and as
successor in interest to MCDONNELL DOUGLAS;
THE FAIRCHILD CORPORATION;
TREADWELL CORPORATION;
TRIAD INTERNATIONAL MAINTENANCE
CORPORATION individually and as successor in
interest to AERO CORPORATION;
UNISYS CORPORATION;
UNITED TECHNOLOGIES CORPORATION
individually and as successor in interest to
UNITED AIRCRAFT CORPORATION
UNITED TECHNOLOGIES BUILDING;
WAYNE WIRE CLOTH PRODUCTS, INC.;
WESTINGHOUSE AIR BRAKE CO.;
3M COMPANY f/k/a
MINNESOTA MINING & MANUFACTURING;
ADEL WIGGINS GROUP;
BROTHERS INTERNATIONAL, INC.;
CHRYSLER LLC individually and as successor
in interest to DAIMLERCHRYSLER
CORPORATION MOPAR PARTS DIVISION;
EATON AEROQUIP, INC.;
EPSON AMERICA, INC.;
INTERNATIONAL BUSINESS MACHINES CORP.;
KONICA MINOLTA BUSINESS SOLUTIONS USA, INC.;
MACK TRUCKS, INC.;
PARKER HANNIFIN STRATOFLEX
PRODUCTS DIVISION;
RICOH AMERICAS CORPORATION;
THE FAIRCHILD CORPORATION;
THE ZIPPERTUBING CO.; and
UNION CARIDE, AND XEROX CORPORATION.

           Defendants,

-----------------------------------------------------------------X

## EPSON AMERICA, INC.'S
## ANSWER TO THE FIRST AMENDED COMPLAINT

Epson America, Inc. ("Epson"), by its attorneys, Mound Cotton Wollan & Greengrass, answers Plaintiffs' First Amended Complaint upon information and belief, as follows:

1. In response to paragraph 1 of the First Amended Complaint, Epson repeats and realleges its responses to the allegations contained in the New York Asbestos Litigation Standard Complaint No. 1 as set forth below.

2. Epson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the First Amended Complaint.

3. Epson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the First Amended Complaint.

4. In response to paragraph 4 of the First Amended Complaint, Epson admits that Plaintiffs amended their complaint to add additional defendants.

## EPSON AMERICA, INC.'S
## ANSWER TO THE NEW YORK ASBESTOS
## LITIGATION STANDARD COMPLAINT NO. 1

Epson America, Inc. ("Epson"), by its attorneys, Mound Cotton Wollan & Greengrass, answers the New York Asbestos Litigation Standard Complaint No. 1 (the "Standard Complaint"), upon information and belief, as follows:

1. Epson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Standard Complaint.

2. Epson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Standard Complaint.

3. Epson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Standard Complaint.

4. Epson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Standard Complaint.

5. Epson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Standard Complaint.

6. Epson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Standard Complaint.

7. Epson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Standard Complaint.

8. Epson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Standard Complaint.

9. Epson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Standard Complaint.

10. Epson denies each and every allegation contained in paragraph 10 of the Standard Complaint.

11. Epson denies each and every allegation contained in paragraph 11 of the Standard Complaint.

12. Epson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Standard Complaint.

13. Epson denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Standard Complaint.

14. Epson denies each and every allegation contained in paragraph 14 of the Standard Complaint.

15. Epson denies each and every allegation contained in paragraph 15 of the Standard Complaint.

16. Epson denies each and every allegation contained in paragraph 16 of the Standard Complaint.

17. Epson denies each and every allegation contained in paragraph 17 of the Standard Complaint.

18. Epson denies each and every allegation contained in paragraph 18 of the Standard Complaint.

19. Epson denies each and every allegation contained in paragraph 19 of the Standard Complaint.

20. Epson denies each and every allegation contained in paragraph 20 of the Standard Complaint.

21. Epson denies each and every allegation contained in paragraph 21 of the Standard Complaint.

22. Epson denies each and every allegation contained in paragraph 22 of the Standard Complaint.

**FIRST CLAIM**

23. In response to paragraph 23 of the Standard Complaint, Epson repeats and realleges its responses to the allegations contained in paragraphs 1 through 22 of the Standard Complaint.

24. Epson denies each and every allegation contained in paragraph 24 of the Standard Complaint.

25. Epson denies each and every allegation contained in paragraph 25 of the Standard Complaint.

26. Epson denies each and every allegation contained in paragraph 26 of the Standard Complaint.

27. Epson denies each and every allegation contained in paragraph 27 of the Standard Complaint.

28. Epson denies each and every allegation contained in paragraph 28 of the Standard Complaint.

29. Epson denies each and every allegation contained in paragraph 29 of the Standard Complaint.

30. Epson denies each and every allegation contained in paragraph 30 of the Standard Complaint.

31. Epson denies each and every allegation contained in paragraph 31 of the Standard Complaint.

32. Epson denies each and every allegation contained in paragraph 32 of the Standard Complaint.

## SECOND CLAIM

33. In response to paragraph 33 of the Standard Complaint, Epson repeats and realleges its responses to the allegations contained in paragraphs 1 through 32 of the Standard Complaint.

34. Epson denies each and every allegation contained in paragraph 34 of the Standard Complaint.

35. Epson denies each and every allegation contained in paragraph 35 of the Standard Complaint.

36. Epson denies each and every allegation contained in paragraph 36 of the Standard Complaint.

### THIRD CLAIM

37. In response to paragraph 37 of the Standard Complaint, Epson repeats and realleges its responses to the allegations contained in paragraphs 1 through 36 of the Standard Complaint.

38. Epson denies each and every allegation contained in paragraph 38 of the Standard Complaint.

39. Epson denies each and every allegation contained in paragraph 39 of the Standard Complaint.

### FOURTH CLAIM

40. In response to paragraph 39 of the Standard Complaint, Epson repeats and realleges its responses to the allegations contained in paragraphs 1 through 39 of the Standard Complaint.

41. Epson denies each and every allegation contained in paragraph 41 of the Standard Complaint.

42. Epson denies each and every allegation contained in paragraph 42 of the Standard Complaint.

## AS AND FOR EPSON'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. This Courts lacks jurisdiction over Epson as a result of improper, and lack of, service of process.

### SECOND AFFIRMATIVE DEFENSE

2. All claims are time-barred by the applicable Statute of Limitations.

### THIRD AFFIRMATIVE DEFENSE

3. The causes of action pleaded in the First Amended Complaint have not been asserted in a timely fashion and Plaintiffs have neglected the same and should be barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiffs may not bring this action as they have failed to exhaust all administrative remedies.

### FIFTH AFFIRMATIVE DEFENSE

5. The First Amended Complaint and each and every allegation considered separately fail to state any cause of action against Epson upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

6. Epson denies that it breached any duty, whether contractual or otherwise, due or owing to Plaintiffs at the time and place set forth in the First Amended Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

7. Upon information and belief, the injuries and damages alleged to have been sustained by Plaintiffs were not reasonably foreseeable.

## EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiffs knowingly and intentionally assumed any and all risks associated with the use of the asbestos products that are the subjection of this lawsuit.

## NINTH AFFIRMATIVE DEFENSE

9. Insofar as the First Amended Complaint, and each cause of action considered separately, alleges a cause of action accruing on or after September 1, 1975 to recover damages for personal injuries, the amount of damages recoverable thereon able to Plaintiffs including contributory negligence and assumption of risk, in the proportion which the culpable conduct attributable to Plaintiffs bears to the culpable conduct which caused the damages.

## TENTH AFFIRMATIVE DEFENSE

10. Insofar as the First Amended Complaint, and each cause of action considered separately, alleges a cause of action accruing before September 1, 1975, each such cause of action is barred by reason of the culpable conduct attributable to Plaintiffs including contributory negligence and assumption of the risk.

## ELEVENTH AFFIRMATIVE DEFENSE

11. If Plaintiffs should prove that they sustained injuries and damages as alleged, such injuries and damages resulted from acts or omissions on the part of the third-parties over whom this defendant had no control or right of control.

## TWELFTH AFFIRMATIVE DEFENSE

12. While Epson denies Plaintiffs' allegations of negligence, statutory liability and/or strict liability, any injury and damages (to the extent that Plaintiffs may be able to

prove such), were the result of intervening and/or interceding acts of superseding negligence on the part of parties over whom Epson had no control nor had the right of control.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. At all times during the conduct of its corporate operations, the agents, servants and/or employees of Epson used proper methods in handling the products complained of in conformity with the available knowledge, state of the art, and research of the scientific and industrial communities.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiffs, their co-workers and employers misused, abused, mistreated and misapplied the product designated as asbestos material as alleged in the First Amended Complaint.

15. If the Court finds that any misuse, abuse, mistreatment and/or misapplication of the product caused and/or contributed to the alleged damages or injuries to Plaintiffs, then Epson requests that the amount of damages which might be recoverable shall be diminished by the proportion which the same misuse, abuse, mistreatment and/or misapplication, attributed to Plaintiffs, their co-workers and/or employers bear to the conduct which caused the alleged damages or injuries.

### FIFTEENTH AFFIRMATIVE DEFENSE

16. Any oral warranties upon which Plaintiffs relied are inadmissible and unavailable because of the provisions of the applicable Statute of Frauds.

### SIXTEENTH AFFIRMATIVE DEFENSE

17. As to all causes of action pleaded in the First Amended Complaint which are

based upon expressed or implied warranties and/or representations, the alleged breaches thereof as against Epson are legally insufficient by reason of Plaintiffs' failure to allege privity of contract between Plaintiffs and Epson.

### SEVENTEENTH AFFIRMATIVE DEFENSE

18. Plaintiffs neither received nor relied on any representation or warranty allegedly made by Epson.

### EIGHTEENTH AFFIRMATIVE DEFENSE

19. In the event that any breach of warranty is proven, Plaintiffs failed to give proper and prompt notice of any such breach of warranty to Epson.

### NINETEENTH AFFIRMATIVE DEFENSE

20. To the extent that the causes of action pleaded by Plaintiffs fail to accord with the Uniform Commercial Code, including but not limited to Section 2-725 thereof, Plaintiffs' First Amended Complaint is time-barred.

### TWENTIETH AFFIRMATIVE DEFENSE

21. Upon information and belief, Plaintiffs failed to mitigate or otherwise act to lessen or reduce the injuries and disabilities alleged in the First Amended Complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

22. Plaintiffs' cause of action for exemplary or punitive damages is barred because such damages are not recoverable or warranted in this action.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

23. Plaintiffs are estopped from asserting the causes of action alleged in the First Amended Complaint.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

24. Plaintiffs waived the causes of action and recovery alleged in the First Amended Complaint.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

25. Plaintiffs have failed to name and join essential and necessary parties.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

26. Epson denies specifically that, during the periods of exposure alleged in the First Amended Complaint by Plaintiffs, it either processed, manufactured, designed, developed, tested, fashioned, and/or packaged, any substantial and/or any percentage of the asbestos products to which Plaintiffs allegedly were caused to come into contact and which Plaintiffs allegedly were caused to breathe, inhale and/or digest and which thereby caused Plaintiffs' injuries and resulting damages alleged in the complaint herein.

27. In the event it should be proven at the time of trial that all the defendants are subject to market share liability, then, Epson's share of such liability would be of such a de minimus amount as to make its contribution for damages negligible, and Epson would be entitled to contribution, either in whole or in part, from the other defendants herein.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

28. Epson denies that Plaintiffs had any exposure to any asbestos product developed, tested, fashioned, and/or packaged (if any) by Epson, and more particularly denies upon information and belief that Epson supplied, developed, tested, fashioned, and/or packaged any asbestos product at the times and upon the dates alleged in the complaint herein.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

29. Plaintiffs contributed to their illnesses by the use, either in whole or in part, of other substances, products, medications and drugs.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

30. The injuries allegedly suffered by Plaintiffs, if any, which injuries are specifically denied by Epson, were the result of culpable conduct or fault of third persons for whose conduct Epson is not legally responsible, and the damages recovered by Plaintiffs, if any, should be diminished or reduced in the proportion to which said culpable conduct bears upon the culpable conduct which caused the damages. Any liability on the part of Epson (which liability is vigorously and specifically denied) is fifty percent or less of the liability of all persons who are the cause of the alleged injuries, if any, and the liability of Epson for non-economic loss does not exceed Epson's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

31. Upon information and belief, some or all causes of action may not be maintained because of arbitration and award.

### THIRTIETH AFFIRMATIVE DEFENSE

32. Upon information and belief, some or all causes of action may not be maintained because of collateral estoppel.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

33. Upon information and belief, some or all causes of action may not be

maintained because of discharge in bankruptcy.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

34. Upon information and belief, some or all causes of action may not be maintained because of infancy (or some other disability) of Plaintiffs.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

35. Upon information and belief, some or all causes of action may not be maintained because of payment.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

36. Upon information and belief, some or all causes of action may not be maintained because of release.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

37. Upon information and belief, some or all causes of action may not be maintained because of res judicata.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

38. Sections 200, 240, and 241 of the New York State Labor Law are inapplicable to the case at bar, and/or do not state a private cause of action.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

39. Plaintiffs' actions are subject to the New York State Worker's Compensation Act and thus may not be brought in this court.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

40. Epson incorporates by reference, as if more fully set forth at length herein, all defenses, both affirmative and otherwise, raised, pleaded or asserted by all other answering

defendants.

WHEREFORE, Epson demands judgment dismissing Plaintiffs' First Amended Complaint and all claims and cross-claims against Epson, with prejudice, and awarding Epson costs and disbursements, including reasonable attorneys' fees.

Dated: New York, New York
August 8th, 2008

Respectfully submitted,

Mound Cotton Wollan & Greengrass

By: *John F. Parker*
John F. Parker, Esq. (JFP-4761)
Kenneth R. Lange, Esq. (KRL-2862)

One Battery Park Plaza
New York, New York 10004
(212) 804-4200

Attorneys for Epson America, Inc.

242611.1

AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

Leslie M. Fluker, being duly sworn, deposes and says:

Deponent is not a party to this action, is over the age of 18 years, and resides in Richmond County, New York. That on the 8th day of August, 2008 deponent served Answer to First Amended Complaint upon all parties via Southern District of New York Electronic Case Filing System.

_____
Leslie M. Fluker

Sworn to before me this
8th day of August, 2008

_____
Notary Public